IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL LEE WIGHT,**<br><br>        **Petitioner,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>        **Respondent.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:10CV543DAK** |

This matter is before the court on petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255.  On April 27, 2010, Petitioner pled guilty to Count I of the Indictment, Threats in Interstate Commerce, 18 U.S.C. § 875(c).  As part of the plea agreement, Petitioner admitted to facts demonstrating a violation of 18 U.S.C. § 875(c), and waived his right to appeal or collaterally attack his sentence.  Petitioner also represented to the court that he had discussed the case with his attorney as much as he wished and that he was satisfied with his lawyer.  On April 27, 2010, the court sentenced Petitioner to time served and a supervised release term of twenty-four months.  The court also recommended Petitioner to the services provided by the Mental Health Court in this district.

Petitioner's motion for reduction of sentence pursuant to 28 U.S.C. § 2255 claims that: 1) he received ineffective assistance of counsel because his counsel's investigator failed to interview witnesses, investigate the confidential informant's background, and failed to seek

discovery: 2) the United States failed to disclose the identity of the confidential informant and other necessary discovery materials; and 3) the United States engaged in outrageous misconduct in allowing its confidential informant to engage in illegal activities.

As an initial matter, petitioner's claim is barred by the waiver contained in petitioner's Statement by Defendant in Advance of Plea of Guilty. The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks. *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). There is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183. Therefore, the only claim Petitioner can assert is his ineffective assistance of counsel claim.

To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Petitioner has a burden to demonstrate that his attorney's performance was unreasonable under prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

In this case, Petitioner argues that his counsel was deficient in investigating the case and

seeking discovery materials.  Petitioner, however, admitted to the facts demonstrating a violation

of Count I.  If the case had gone to trial, Petitioner's allegations regarding investigation and

discovery may have been relevant to an ineffective assistance claim.  But, there is no claim that

Petitioner's counsel failed to get a beneficial plea deal for Petitioner.  At the time of entering the

plea, Petitioner also represented to the court that he had discussed the case with his counsel as

much as he wanted and that he was satisfied with his counsel.  Accordingly, the court finds no

deficiency in counsel's performance or representation.  Moreover, there is no support in the

record for finding that Petitioner was prejudiced at any stage of the proceedings.  Petitioner's

motion, therefore, is without merit.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United

States District Courts, "[t]he district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253, a certificate of

appealability "may issue . . . only if the applicant has made a substantial showing of the denial of

a constitutional right."  28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th

Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)).  The court finds that "reasonable jurists could not

debate whether the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  *See Miller-El v.

Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the court concludes that Petitioner has not made a

substantial showing of the denial of a constitutional right and, therefore, declines to issue a

Certificate of Appealability.  If Petitioner wishes to appeal this court's ruling on his motion, he

must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**CONCLUSION**

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED

and his case is DISMISSED.  The court further declines to issue a Certificate of Appealability.

The Clerk of Court is directed to close the case.

DATED this 14th day of June, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge